IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| S.R., a minor, and MOHAMMED NURUZZAMAN, on behalf of S.R., | ) ) ) | |
| Petitioners, | ) ) ) | Case No.: 2:19-cv-482-DCN-MGB |
| v. | ) ) | |
| A.H., a minor, and MOHAMMAD ABDUL KHALIK, on behalf of A.H., | ) ) ) | |
| Petitioners, | ) ) ) | Case No.: 2:19-cv-483-DCN-MGB |
| v. | ) ) | |
| J. AL CANNON, JR., Sheriff/Warden, SHERIFF AL CANNON DETENTION CENTER; KEVIN M. MCALEENAN, Acting Secretary, U.S. Department of Homeland Security; and ALEX M. AZAR, II, Secretary, U.S. Department of Health And Human Services, | ) ) ) ) ) ) ) ) ) | ORDER |
| Respondents. | ) ) | |

This matter comes before the court on respondents' motion to preclude or limit the testimony of petitioners' expert Robert Condy ("Condy") under Daubert v. Merrell Dow Pharmaceuticals, Inc., 526 U.S. 579 (1993) and Federal Rules of Evidence 702, 401, 402, and 403.[1]  2:19-cv-00482, ECF No. 30.  Respondents argue that Condy's expert report does not sufficiently set forth his particular knowledge, education, training, or experience with regard to the subject areas of his proposed testimony.  Specifically,

---

[1] Respondents request a continuance to be able to obtain their own expert if this court decides not to exclude Condy's testimony.  ECF No. 30 at 2 n.2.  Because this case has already been delayed several times and respondents have had sufficient time to secure an expert in this matter, the court will not delay the evidentiary hearing.

1

respondents contend that Condy's expert report "woefully fails to be anything more than reviewing documents found on websites for his assertions that [the Department of State] and [the Department of Homeland Security] are relying on the websites for authentication" but that the "best source of whether that is true would come from the agencies themselves." ECF No. 30 at 4.

Petitioners seek to qualify Condy as an expert in immigration law and processing. They plan to have Condy "walk the court through the process, resources, and sites that immigration attorneys use to determine whether a foreign civil document is authentic." ECF NO. 43 at 2. According to Condy's expert report, he has worked as an immigration attorney for over ten years and has held positions with the American Immigration Lawyers Association and as a former liaison to the Charleston Field Office of the U.S. Citizenship and Immigration Services. His experience leads him to opine that the U.S. Department of State ("DOS") and Department of Homeland Security ("DHS") will "accept as authentic those foreign birth certificates that comport with the distinctive characteristics described in the State Department's Reciprocity Schedule." ECF No. 31 at 1. Condy's report then describes how DOS's Reciprocity Schedule for Bangladesh contains a list of distinctive characteristics for Bangladeshi birth certificates and opines that the petitioners' birth certificates would be accepted by DOS and DHS based on these characteristics. Condy also intends to testify about a web link offered by DOS that links to a Bangladeshi government website, where the legitimacy of a birth certificate can be verified based on the certificate's birth registration number and date of birth.

Petitioners intend to rely on Condy' testimony to authenticate petitioners' birth certificates under Federal Rule of Evidence 901(b)(4). Rule 901 requires that "to satisfy

respondents contend that Condy's expert report "woefully fails to be anything more than reviewing documents found on websites for his assertions that [the Department of State] and [the Department of Homeland Security] are relying on the websites for authentication" but that the "best source of whether that is true would come from the agencies themselves." ECF No. 30 at 4.

Petitioners seek to qualify Condy as an expert in immigration law and processing. They plan to have Condy "walk the court through the process, resources, and sites that immigration attorneys use to determine whether a foreign civil document is authentic." ECF NO. 43 at 2. According to Condy's expert report, he has worked as an immigration attorney for over ten years and has held positions with the American Immigration Lawyers Association and as a former liaison to the Charleston Field Office of the U.S. Citizenship and Immigration Services. His experience leads him to opine that the U.S. Department of State ("DOS") and Department of Homeland Security ("DHS") will "accept as authentic those foreign birth certificates that comport with the distinctive characteristics described in the State Department's Reciprocity Schedule." ECF No. 31 at 1. Condy's report then describes how DOS's Reciprocity Schedule for Bangladesh contains a list of distinctive characteristics for Bangladeshi birth certificates and opines that the petitioners' birth certificates would be accepted by DOS and DHS based on these characteristics. Condy also intends to testify about a web link offered by DOS that links to a Bangladeshi government website, where the legitimacy of a birth certificate can be verified based on the certificate's birth registration number and date of birth.

Petitioners intend to rely on Condy' testimony to authenticate petitioners' birth certificates under Federal Rule of Evidence 901(b)(4). Rule 901 requires that "to satisfy

the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The can be done by putting forth evidence of "the appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(4).

The court agrees with petitioners that Condy should be allowed to testify regarding his knowledge about the process for determining the authenticity of a foreign document, as it will help the court as the factfinder "to understand the evidence or determine a fact at issue." Fed. R. Evid. 702. As this is an evidentiary hearing before the court, there is no risk of confusing the jury. The court is capable of considering the weight that should be applied to Condy's testimony regarding the validity of these documents and balancing it against the weight that should be ascribed to any evidence that respondents put forth regarding petitioners' travel documents.

For the foregoing reasons, respondents' motion is denied.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**May 15, 2019
Charleston, South Carolina**